IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-131 |
| vs. | MEMORANDUM AND ORDER ON MOTION TO REDUCE SENTENCE |
| WILLIAM H. RICH, | |
| Defendant. | |

## I.   INTRODUCTION

This matter is before the Court on Defendant William H. Rich's Motion to Reduce Sentence. Filing 37. For the reasons stated herein, the Motion is denied.

## II.   BACKGROUND

On August 8, 2016, Defendant pleaded guilty to using a cell phone to attempt to persuade, induce, and entice a person under 18 years of age to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Filing 14 at 1; Filing 26 (text minute entry). As noted in Defendant's Presentence Investigation Report (PSR), which the Court adopted without change at sentencing, Defendant contacted an individual offering to pay for sex with a girl between the ages of 10 and 15. Filing 33 at 5. At the direction of law enforcement, the individual texted Defendant about having sex with a ten-year-old girl. Filing 33 at 5. An undercover officer then contacted Defendant posing as the ten-year old. Filing 33 at 5. Defendant made arrangements with the undercover officer to have sex and repeatedly asked for nude pictures. Filing 33 at 5–6.

1

On November 7, 2016, the Court[1] sentenced Defendant to 168 months of incarceration. Filing 32 (text minute entry); Filing 35. Defendant filed his Motion to Reduce Sentence on October 31, 2022. Filing 37

### III.   DISCUSSION

Defendant's Motion does not state under which statutory provision he moves for a reduction of his sentence. The Court assumes, therefore, that he moves pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits courts to reduce a term of incarceration in certain circumstances.

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id*.

Here, Defendant has not alleged nor provided evidence that he exhausted his administrative remedies before filing his Motion. Filing 37 at 1. This defect alone likely would have been sufficient to deny Defendant's Motion if it had been properly raised by the United States. *See Houck*, 2 F.4th at 1084 (exhausting administrative remedies must be enforced "so long as the opposing party properly raises it"). Nevertheless, even assuming Defendant exhausted his administrative remedies before filing his Motion, the Court would still deny it for failing to show

---

[1] Judge Laurie Smith Camp sentenced Defendant. After her passing, this case was reassigned to the undersigned judge for disposition. Filing 38.

"extraordinary and compelling" reasons warranting a sentence reduction and that a sentence reduction is consistent with the sentencing factors under 18 U.S.C. § 3553(a).

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). It is the prisoner's burden to establish an entitlement to sentence reduction. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). With these considerations in mind, the Court turns to the merits of Defendant's Motion.

The only reason cited by Defendant to support a sentence reduction is his desire to care for his 81-year-old mother. Filing 37 at 1. While the death or incapacitation of the caregiver of a

3

prisoner's minor child or minor children may warrant a sentencing reduction, *see* U.S.S.G. § 1B1.13(1)(C),[2] here Defendant has failed to show that his mother relies on Defendant to take care of her. *See United States v. Struve*, No. CR16-0076-LTS, 2022 WL 987947, at *2 (N.D. Iowa Mar. 31, 2022) (rejecting a prisoner's argument that wanting to help the prisoner's disabled mother and her two dependents warranted a sentencing reduction because the prisoner had "not shown that his family's circumstances are so dire as to justify early release"). Indeed, his motion says he wants to "help" care for his mother, which implies that others are taking care of her. Filing 37 at 1. As other district courts have noted, many inmates have elderly parents, so a prisoner's desire to take care of an elderly parent is not extraordinary. *See, e.g.*, *id.* ("Being separated from family members, and thus being unable to provide care for them, is a natural and normal consequence of committing serious crimes."); *United States v. Ruttanamongkongul*, No. CR1710716DWFTNL, 2022 WL 848094, at *4 (D. Minn. Mar. 22, 2022) ("[C]are or concern for aging or ill relatives is not a basis for release . . . ."); *United States v. Drapeau*, No. 3:11-CR-30136-RAL, 2021 WL 4843825, at *4 (D.S.D. Oct. 18, 2021) (stating that the prisoner's "claim concerning his mother's need for care is not [an] 'extraordinary and compelling reason' to reduce his sentence."). The mere fact that Defendant has an elderly mother is insufficient to warrant a reduction of his sentence.

Further, the Court has reviewed the record and concludes that a reduction of Defendant's sentence would be contrary to the factors under 18 U.S.C. § 3553(a).[3] Defendant contacted an

---

[2] The Eighth Circuit has not yet resolved whether the policy statement in § 1B1.13(1)(C) of the Sentencing Guidelines limits the circumstances under which a court may reduce a sentence. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."). The Court need not resolve that question either because even considering Defendant's argument for release on its own terms he has failed to show that wanting to care for his 81-year-old mother is an "extraordinary and compelling" reason for release. Nor has he shown that a sentencing reduction would be consistent with the factors outlined under 18 U.S.C. § 3553(a).

[3] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect

4

individual he believed was a ten-year-old girl and made arrangements to have sex with her. He repeatedly asked her for nude photos and stated he wanted to have sex with her two-to-three times a month. Defendant has only served a little over six years of his 14-year sentence, which was at the low end of Defendant's sentencing guideline range. Filing 33 at 6. A sentence reduction would not reflect the seriousness of the offense, provide adequate deterrence, justly punish Defendant for his offense, or protect the public from further crimes of Defendant.

## IV. CONCLUSION

Defendant has failed to show that extraordinary and compelling reasons justify a sentence reduction. Accordingly,

IT IS ORDERED that Defendant's Motion to Reduce Sentence, Filing 37, is denied.

Dated this 10th day of November, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).